**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

FELICITAS MARIA GUITERREZ,

        Plaintiff,

   v.

CAROLYN W. COLVIN, Commissioner
of Social Security

        Defendant.

**1:13-cv-1860 BAM**

**ORDER REGARDING PLAINTIFF'S
SOCIAL SECURITY COMPLAINT**

<u>**BACKGROUND**</u>

    Plaintiff  Felicitas Maria Guiterrez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for disability insurance benefits pursuant to Title II of the Social Security Act and Supplemental Insurance Income under Title XVI of the Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Barbara A.

McAuliffe, United States Magistrate Judge.[1]  (*See,* Docs. 14, 18 and 19).

## **FACTS AND PRIOR PROCEEDINGS**[2]

### 1.  **Background**

On December 3, 2010, Plaintiff filed applications for disability insurance and supplemental security income, alleging disability on March 18, 2008.  AR 174-191.  Her applications were denied initially and on reconsideration. AR 113-119.  Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  AR 125-128.  ALJ Michael Haubner held a hearing on June 11, 2012 (AR 27-56), and issued an order denying benefits on June 19, 2012.  AR 8-20.  Plaintiff subsequently filed an appeal and the Appeals Council denied review, rendering that the final decision of the Commissioner.  AR 1-3.  Plaintiff sought judicial review by commencing the instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### 2.  **Summary of the ALJ's Decision and Issues Presented**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard.  AR 8-20.  More particularly, the ALJ found that Plaintiff had met the insured status requirements through June 30, 2013, and had not engaged in substantial gainful activity since March 18, 2008, the alleged onset date. AR10.  Further, the ALJ identified status post two motor vehicle accidents, morbid obesity, status post gastric bypass, gastro esophageal reflux disease ("GERD"), hepatomegaly, diabetes mellitus type 2, hypertension, hypothyroidism and right shoulder sprain/strain as severe impairments.  AR 10.  However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 11-12 .  The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as follows :

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.  (*See* Docs. 7& 8).
[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

…to lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and walk at least two hours in an eight-hour work day, and sit six hours in an eight–hour work day.  She can push and/or pull unlimited other than as shown for lift and/or carry except that overhead activities are limited to occasional.  AR 12, ¶ 5; citing 20 C.F.R. §§ 404.1567(a); 416.967(a)

Based on the above, the ALJ found that Plaintiff could not perform her past relevant work as a store laborer or survey taker. AR 18.  However, after considering the testimony of the vocational expert ("VE"), the ALJ found that other jobs existed in the significant numbers in the national economy that Plaintiff could perform including: 1) an addresser, Dictionary of Occupational Titles ("DOT") code 734.687-018; 2) a bander, hand DOT code 920.687-030; and 3) a order clerk, DOT code 209.567.014.  AR 19.  The ALJ therefore concluded that Plaintiff was not disabled. AR 20.

Plaintiff argues that the ALJ failed to properly apply the grid rules and did not properly develop the record since Plaintiff was not represented at the hearing.  (Doc. 14, pg. 6-10; Doc. 19).  Defendant asserts that the ALJ properly relied upon the VE testimony to determine that Plaintiff could perform jobs which existed in significant numbers in the national economy. (Doc. 18, pgs. 6-10).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

 "Substantial evidence means more than a scintilla but less than a preponderance."  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a

conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

**DISCUSSION**

**A.** **The ALJ's Correctly Relied on the VE's Testimony and the Evaluation at Step Five Was Proper.**

Plaintiff argues that the ALJ did not develop the record because he failed to properly apply the Medical-Vocational Guidelines, 20 CFR, Part 404, Subpart P, Appendix 2 ("the Grids") in this case. Specifically, she contends that the ALJ should have applied the Grids by placing her in the "approaching advanced age category" because she would have turned fifty years old within thirty days of the issuance of the ALJ's decision, which would have rendered her disabled. Defendant argues that the ALJ considered whether to place Plaintiff in an older age category which is all that is required under the law. Specifically, Defendant contends that the ALJ chose not to apply the Grids, but instead properly relied on the testimony of a VE to discern a potential erosion of the occupational base upon which the Grids are predicated and identified jobs that Plaintiff could perform.

As a preliminary matter, Plaintiff has not presented any arguments or evidence that the ALJ did not properly develop the record in this case. In fact, Plaintiff accepts the ALJ's RFC that Plaintiff is limited to sedentary work with a limitation of occasion overhead reaching. (Doc. 14, pg. 6-7 and Doc. 19, pg. 6). The crux of Plaintiff's argument is that her case was a borderline situation, and the ALJ improperly mechanically applied the Grids age categories. Since Plaintiff has not pointed to any error in the development or ambiguity in the record itself, the Court is not persuaded by her argument that the ALJ needed to develop the record more thoroughly. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001) (holding that ALJs have a duty fully and fairly to develop the record only when the evidence is ambiguous or "the record is inadequate" to allow for proper evaluation of the evidence). Here, the issue is whether the ALJ

committed legal error by not placing Plaintiff in the older age category and applying the Grids.

### 1. Step Five

A claimant makes a prima facie showing of disability where, as here, the claimant has established that she suffers from a severe impairment that prevents her from doing past work. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.1999). Once the claimant makes such a showing, at step five of the disability analysis, the Commissioner of Social Security bears the burden of "show[ing] that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* A claimant's "residual functional capacity," is defined as the most that a claimant can do despite "physical and mental limitations" caused by his impairments and related symptoms. 20 C.F.R. §§ 416.945(a)(1), 404.1545. The ALJ then considers potential occupations that the claimant may be able to perform. *See* 20 C.F.R. §§ 416.966, 404.1566. The Commissioner can meet this burden in one of two ways: "(a) by the testimony of a vocational expert, or (b) by reference to the Grids. *Tackett, 180 F. 3d* at 1101.

The grids are matrices of the "four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 461–62, 103 (1983). For purposes of applying the grids, there are three age categories: younger person (under age 50), person closely approaching advanced age (age 50–54), and person of advanced age (age 55 or older). 20 C.F.R. § 404.1563(c)–(e). The regulation in relevant section provides:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the

overall impact of all the factors of your case.
*Id*. § 404.1563(b) (emphasis added).

The Circuit Courts are split on whether an ALJ must explicitly acknowledge the borderline age issue and conduct a clear analysis. The Eighth, Tenth, and Third Circuits have found that the ALJ must explicitly explain his age category determination in order to satisfy the non-mechanical age analysis required by 20 C.F.R. § 404.1563. See *Phillips v. Astrue*, 671 F.3d 699, 707 (8th Cir.2012) ("... [F]ailure to note that the ALJ has considered whether a claimant falls within a borderline category ... constitutes a failure to offer findings of fact and reasons for the decision."); *Lucas v. Barnhart*, 184 Fed.Appx. 204, 208 (3d Cir.2006) (finding that the ALJ's decision was not supported by substantial evidence due to lack of factual findings relevant to the borderline age analysis); *Daniels v. Apfel*, 154 F.3d 1129, 1136 (10th Cir.1998).  However, the Sixth, Ninth, and Eleventh Circuits have rejected this requirement.  See *Lockwood v. Commissioner of Social Security Administration*, 616 F.3d 1068, 1071–1072 (9th Cir. 2010); *Bowie v. Commissioner of Social Security*, 539 F.3d 395, 399 (6th Cir.2008); *Miller v. Commissioner of Social Security*, 241 Fed.Appx. 631, 635 (11th Cir.2007).

In *Lockwood*, the claimant was one month and three days from turning fifty-five at the time of the ALJ hearing.  *Lockwood*, 616 F.3d at 1069. The Ninth Circuit addressed whether an ALJ "erred when she failed to explain in her written decision why she treated a social security disability benefits claimant as being a person closely approaching advanced age instead of treating the claimant as being a person of advanced age." *Id. at* 1069.  The court noted that by regulation, an ALJ is required to consider whether to use an older age category in a borderline situation.  *Id*. at 1070.  However, the court held that the ALJ had satisfied this requirement by acknowledging that the claimant was closely approaching advanced age, citing the relevant regulation regarding which age category to apply, and evaluating the overall impact of all the factors in the claimant's case by relying on the testimony of a vocational expert. *Id*. at 1071–72.

The Lockwood court concluded that such consideration was sufficient and that there was no "obligation to make express findings incorporated in the ALJ's opinion." *Id*. at 1073; *Campbell v. Astrue*, 2011 WL 1459168, * 3 (E.D. Cal., Apr. 15, 2011).

Here, similar to *Lockwood*, Plaintiff would have turned fifty years old within about a month of the issuance of the ALJ's decision, which would have rendered her disabled.  The ALJ noted her age and cited to 20 C.F.R. § 404.1563(b).  AR 18.   He also relied upon the VE's testimony in finding that there were jobs that Plaintiff could perform which is all that is required in the Ninth Circuit.  *Lockwood*, 616 F. 3d at 1071-1072.

The Court is not persuaded by Plaintiff's arguments that *Lockwood* is not applicable because she has an "additional vocational adversity" of occasional overhead reaching and the Hearings Appeals and Litigation Manuel ("HALLEX") and the Program Operations Manual System ("POMS") indicates that a borderline situation exists.[3]  (Doc. 19).   As a preliminary matter, the Court notes that although Plaintiff cites to several cases in her opening brief to support her arguments, she failed to acknowledge *Lockwood*, the controlling Ninth Circuit authority on this issue and raises these arguments for the time in her reply brief.  As a general matter, a district court need not consider arguments raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir.2003)).  Notwithstanding Plaintiff's untimely raising of this argument, the Court has considered it and finds that the argument is misplaced because the Ninth Circuit has held that POMS and HALLEX do not impose judicially enforceable duties on either the ALJ or the Courts.  *Lockwood*, 616 F. 3d 1072-73.

Moreover, even if this Court found error in the ALJ's decision, the error in this instance is

---

[3] Plaintiff cites to several additional limitations such as a markedly antalgic gate, pain, and reduced range of motion as evidence that this is a borderline situation.  (Doc. 19. pg. 6).  However, the ALJ did not find that these limitations were supported by the record and they were not incorporated into the RFC.  Plaintiff has not argued that the ALJ's formulation of the RFC was improper, or that the ALJ improperly evaluated the medical evidence.

harmless because the ALJ presented the overhead reaching limitation to the VE.  20 C.F.R. §§ 404.1566(e), 416.966(e); SSR 83-12; *Thomas v. Barnhart*, 278 F.3d 948, 960 (9th Cir. 2002) (where Plaintiff had an RFC for less than light work, "the ALJ fulfills his obligation to determine the claimant's occupational base by consulting a vocational expert regarding whether a person with claimant's profile could perform substantial gainful work in the economy").   The VE testified that Plaintiff could perform a full range of sedentary work, and there were at least three jobs, an addresser, a bander, and an order clerk  that Plaintiff could perform.  Thus, the ALJ considered Plaintiff's vocational adversities, whether these limitations resulted in an erosion of the occupational base, and properly determined that she could work based on the evidence in the record.  Accordingly, the ALJ's ultimate determination of disability is supported by substantial evidence.  *Molina v. Astrue*, 674 F. 3d 1104, 1121 (9th Cir. 2012) (An ALJ's decision should not be remanded if the error is harmless and inconsequential to the ultimate nondisability determination).

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and is not based on proper legal standards.  Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in against Plaintiff Felicitas Maria Guitierrez, and in favor of Carolyn W. Colvin, Commissioner of Social Security and close this action.

IT IS SO ORDERED.

Dated:   **March 2, 2015**                         /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE